IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLES EDWARD JONES, SR.                                         PETITIONER
ADC #144544

v.                              4:25-cv-00601-JM-JJV

DEXTER PAYNE,
Director, ADC                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.   BACKGROUND

Petitioner Charles Edward Jones, Sr., an inmate at the Delta Regional Unit of the Arkansas Division of Correction, was convicted of four counts of rape in 2009 after a jury trial in the Circuit Court of Pulaski County, Arkansas. *See Jones v. State of Arkansas*, 2010 Ark. App. 324. He was sentenced to four consecutive terms of forty years' imprisonment. *Id*. Mr. Jones filed a direct appeal, challenging the sufficiency of the evidence on one count of rape and contesting an evidentiary ruling. *Id*. The Arkansas Court of Appeals affirmed. *Id*.

Mr. Jones filed a *pro se* petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1, asserting various claims of ineffective assistance of counsel and trial error. *See Jones v. State of Arkansas*, 2011 Ark. 523 (per curiam). The circuit court denied the petition and the Arkansas Supreme Court dismissed Mr. Jones's appeal, holding the claims of trial error were not cognizable in Rule 37.1 proceedings and the ineffective assistance claims were conclusory and unsupported by any facts that would indicate prejudice. *Id*.

Mr. Jones also filed two *pro se* state habeas corpus petitions, challenging various pretrial and trial rulings. Both were denied in the circuit court and affirmed on appeal. *See Jones v. State of Arkansas*, 2014 Ark. 67 (per curiam); *Jones v. Hobbs*, 2015 Ark. 251 (per curiam). In addition, Mr. Jones filed two *pro se* petitions to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis, both alleging violations of *Brady v. Maryland*, 373 U.S. 83 (1963). The Arkansas Supreme Court denied both petitions, holding Mr. Jones had not shown the allegedly exculpatory evidence had been withheld from him, nor had he shown it was material. *Jones v. State of Arkansas*, 2019 Ark. 340, 588 S.W.3d 33; *Jones v. State of Arkansas*, 2020 Ark. 338, 609 S.W.3d 375.

In addition to his litigation in state court, Mr. Jones filed petitions in this court seeking to vacate his convictions. In 2012, he filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising various claims of pretrial and trial error. *Jones v. Hobbs*, No. 5:12-cv-00019-BSM (E.D. Ark. 2012). This court dismissed the petition with prejudice, finding most of the claims were procedurally defaulted and the others failed on the merits. *Id*. The United States Court of Appeals for the Eighth Circuit denied a certificate of appealability and dismissed Mr. Jones's appeal. *Id*. Mr. Jones proceeded to file many motions for relief from the judgment, all of which were denied, and those denials were affirmed on appeal. *Id*.

In 2015, Mr. Jones filed another *pro se* petition for writ of habeas corpus under § 2254, raising substantially the same grounds as those he raised in the previous petition. *Jones v. Kelley*, No. 5:15-cv-00200-JLH (E.D. Ark. 2015). This court dismissed the petition without prejudice for lack of jurisdiction, as it was a second or successive petition without the required authorization from the Eighth Circuit. *Id.* In 2020, Mr. Jones filed a third *pro se* petition for writ of habeas corpus under § 2254, which was similarly dismissed without prejudice as an unauthorized successive petition. *Jones v. Payne*, No. 4:20-cv-00550-BSM (E.D. Ark. 2020).

Mr. Jones now brings the instant Petition for Writ of Habeas Corpus pursuant to § 2254, his fourth such petition. (Doc. Nos. 2-1, 3, 6.) He again alleges a *Brady* violation – specifically, that the prosecution improperly failed to disclose the fact that the grandmother of one of the minor victims said in her statement that her granddaughter did not identify Mr. Jones as the perpetrator during their initial conversation. (Doc. No. 2-1 at 4.) I have conducted a preliminary review of Mr. Jones's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed without prejudice.

II.     **ANALYSIS**

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. § 2244(b)(3)(C). Specifically, claims

asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*. at § 2244(b)(2).  Claims asserted in a second or successive habeas petition that were presented in a prior petition must be dismissed.  *Id*. at § 2244(b)(1).

The language of § 2244(b) is binding, and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition.  28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing.").  Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the court of appeals has granted the petitioner permission to file one.  *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  Because Mr. Jones did not obtain authorization from the United States Court of Appeals for the Eighth Circuit prior to filing the instant Petition, jurisdiction is lacking.

There are limited exceptions to the general rule.  "'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." *Williams*, 658 F.3d at 853 (citing *Crouch v. Norris*, 251 F.3d 720, 723-25 (8th Cir. 2001)).  As Mr. Jones points out, "[w]here a claimant could not have raised a claim in his first habeas petition because it had not yet

arisen, he will be allowed to seek a second habeas petition without first obtaining [Eighth Circuit] authorization." *Id*. (citing *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003)). But Mr. Jones has not shown that the claim raised here had not yet arisen at the time he filed his first habeas petition in 2012. His claim centers on a statement made sometime before his 2009 trial. (Doc. No. 2-1 at 4.) He concedes that the statement was in the case file and that the file had been provided to the defense.[1] (*Id*. at 4-5.) Accordingly, Mr. Jones cannot avoid the preauthorization requirement on this basis.

Additionally, in some circuits, it is an open question whether a *Brady* claim that had not yet been discovered at the time of a first habeas petition may be raised in a second-in-time petition without preauthorization. While the Eighth Circuit has not decided whether all *Brady* claims in second-in-time petitions require preauthorization, the law is clear that "nonmaterial *Brady* claims in second habeas petitions are second or successive under [the Antiterrorism and Effective Death Penalty Act] and therefore require preauthorization." *Crawford v. State of Minnesota*, 698 F.3d 1086, 1089 (8th Cir. 2012). As this court has explained, "In the *Brady* context, . . . materiality is the touchstone. If [Petitioner's] *Brady* claim is nonmaterial, then he'll have to get preauthorization to file his petition." *Carter v. Kelley*, No. 5:16-cv-00367-DPM-PSH, 2017 WL 4214139, at 5 (E.D. Ark. Aug. 31, 2017), *report and recommendation adopted as modified*, 2017 WL 4214084 (E.D. Ark. Sept. 21, 2017).

---

[1] Mr. Jones suggests he could not have discovered the claim previously through the exercise of due diligence, as it took "seven or eight months" after trial to retrieve the case file from his counsel and he then had to comb through 600 pages of discovery. (Doc. No. 2-1 at 5.) This argument is unavailing for two reasons. First, over fifteen years have elapsed since Mr. Jones's trial. Second, the case law contemplates an exception to the preauthorization requirement for a claim that had not yet arisen at the time of the first habeas petition, not one that had not yet been discovered.

A *Brady* claim consists of three elements: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "Prejudice results if the suppressed evidence is material." *Kennell v. Dormire*, 873 F.3d 637, 639 (8th Cir. 2017). It is not necessary for a prisoner to "prove he would have been acquitted in order to demonstrate materiality." *Burton v. Dormire*, 295 F.3d 839, 846 (8th Cir. 2002). Under *Brady*, evidence is material "when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469-70 (2009).

Mr. Jones's *Brady* claim would fail on all three elements. The evidence was not favorable to Mr. Jones because the minor victim's grandmother merely stated that her granddaughter did not immediately name Mr. Jones as the perpetrator in their first conversation, though she clearly did at a later time.[2] (Doc. No. 2-1 at 4.) Moreover, the evidence was not suppressed by the State; Mr. Jones admits it was included in the case file provided to the defense. (*Id*. at 5.) Finally, because the evidence was neither exculpatory nor withheld, Mr. Jones cannot demonstrate prejudice. Because Mr. Jones's *Brady* claim is nonmaterial, preauthorization was required to establish jurisdiction.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[2] In fact, the portion of the statement provided by Mr. Jones shows that, in the grandmother's account, the minor victim did not even claim she had been raped in their first conversation. Rather, she complained of itching in her vaginal area and "[d]idn't say a word" about "Charles" until "just right before she actually told me what happen[ed]." (Doc. No. 2-1 at 10.)

judge must dismiss the petition." Because it plainly appears that Mr. Jones's Petition is successive, dismissal is appropriate.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Jones's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2-1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 18th day of July 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE